**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OLIVER SHIH, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiff, | Case No. 1:24-cv-00988-AS |
| v. | |
| AMYLYX PHARMACEUTICALS, INC., JOSHUA B. COHEN, JUSTIN B. KLEE, JAMES M. FRATES, and MARGARET OLINGER, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' UNOPPOSED MOTION TO TRANSFER UNDER 28 U.S.C. § 1404(a)**

Defendants Amylyx Pharmaceuticals, Inc. ("Amylyx" or the "Company"), Joshua B. Cohen, Justin B. Klee, James M. Frates, and Margaret Olinger (collectively, "Individual Defendants," and together with Amylyx, "Defendants") submit this memorandum in support of their motion under 28 U.S.C. § 1404(a) to transfer this securities class action filed by Plaintiff Oliver Shih ("Plaintiff") to the District of Massachusetts.  Plaintiff does not oppose this motion.

## I.    INTRODUCTION

The relevant factors strongly weigh in favor of transferring this securities class action to the District of Massachusetts: Amylyx is headquartered in Massachusetts, Plaintiff and the Individual Defendants live and work in or nearby to Massachusetts, the statements challenged by Plaintiff were made in Massachusetts, and the anticipated witnesses largely reside and/or work in Massachusetts.  In contrast, Amylyx has no office in this judicial district, Plaintiff does not reside here, and the purported wrongdoing is not alleged to have occurred here.  As recognized by courts within this district, transferring federal securities actions such as this one "to the district where the issuer is headquartered" in these circumstances is "routine as a practical matter."  *See, e.g.*, *Doshi v. Gen. Cable Corp.*, Nos. 13 Civ. 7409 (RA), 13 Civ. 8634 (RA), 2014 WL 12774226, at *3 (S.D.N.Y. Feb. 5, 2014) ("'[T]ransfer of a federal securities-fraud action to the district where the issuer is headquartered . . . [is] routine as a practical matter'") (quoting *In re AtheroGenics Sec. Litig.*, No. 05 Civ. 0061, 2006 WL 851708, *3 (S.D.N.Y. Mar. 31, 2006)).

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Amylyx was founded in 2013 to support and develop innovative treatments for the neurodegenerative disease community.  Amended Complaint ("Am. Compl."), ECF No. 33 at ¶ 23.  Amylyx was incorporated in Delaware and is based in Cambridge, Massachusetts.  Am. Compl. ¶¶ 15 & 23.  Amylyx's first product, RELYVRIO®, became commercially available in October 2022 for the treatment of amyotrophic lateral sclerosis ("ALS") in adults.  Am. Compl.

¶¶ 2-3. When working in-office, Amylyx's officers, leadership team, and other employees work at Amylyx's office in Cambridge, Massachusetts. Declaration of Gina Mazzariello in Support of Defendant's Unopposed Motion to Transfer Under 28 U.S.C. § 1404(a) ("Mazzariello Decl.") at ¶ 4. Amylyx does not maintain any other offices in the United States outside of Massachusetts. *Id*. ¶ 3. The three Individual Defendants presently working for the Company work and reside in Massachusetts: Joshua Cohen, Co-Founder and Co-Chief Executive Officer; Justin Klee, Co-Founder and Co-Chief Executive Officer; and James Frates, Chief Financial Officer. *Id.* at ¶¶ 5-7. The fourth Individual Defendant, Margaret Olinger, former Chief Commercial Officer, left the Company effective December 31, 2023, and resides in nearby Connecticut. *Id.* at ¶ 7.; Am. Compl. ¶ 19.

Plaintiff, also a Massachusetts resident, filed this putative securities class action complaint against Amylyx and the Individual Defendants on February 9, 2024. ECF No. 1; Declaration In Support of Lead Plaintiff Motion, Ex. D, ECF No. 22-4, ¶ 2 ("I, Oliver Shih, live in Somerville, Massachusetts."). On April 23, 2024, the Court appointed Mr. Shih to serve as Lead Plaintiff and Pomerantz LLP as Lead Counsel. ECF No. 30. On June 24, 2024, Plaintiff filed the Amended Complaint. ECF No. 33.

The Amended Complaint alleges violations of Sections 10(b) and 20(a) of the Exchange Act and the Rule 10b-5 promulgated thereunder on behalf of a class of persons who purchased Amylyx stock between November 11, 2022 and November 8, 2023. Am. Compl. ¶ 1. Plaintiff alleges that, during this time period, Defendants made materially false and misleading statements regarding the success of the RELYVRIO® commercial launch. *Id.* at ¶ 4. Plaintiff specifically identifies four press releases, four public earnings conference calls, and four public SEC filings reflecting these purported misrepresentations. *Id.* at ¶¶ 87-130. In the case of the press releases

and public SEC filings, these were all prepared and issued from Amylyx's Massachusetts office. Mazzariello Decl. at ¶ 8. In the case of the earnings conference calls, these were similarly conducted from Massachusetts. *Id*.

Accordingly, nearly all witnesses, documents, and physical evidence related to the allegedly misleading disclosures are in Massachusetts. *Id*. at ¶¶ 5-10. Although discovery has not yet taken place, Amylyx's IT department, which would oversee and assist with any document collection efforts, is also based in Massachusetts. *Id*. at ¶ 9. Given the significant ties to Massachusetts, on the part of *both* Defendants and Plaintiff, and the fact that the allegations stem from Massachusetts-based conduct, Defendants bring this unopposed motion to transfer this action to the District of Massachusetts in advance of their August 23, 2024 deadline to respond to the Amended Complaint.

III.    **LEGAL STANDARD**

Section 1404(a) governs the ability of a federal district court to transfer a case to another district and accords the district court broad discretion to transfer a case under Section 1404(a) for convenience and fairness. 28 U.S.C. § 1404(a); *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 116 (2d Cir. 1992). Specifically, Section 1404(a) aims "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (citations and internal quotation marks omitted).

In analyzing requests to transfer, courts perform a two-part inquiry. First, a court must decide whether the matter to be transferred is one that "might have been brought" in the transferee court. 28 U.S.C. § 1404(a); *In re Nematron Corp. Sec. Litig.*, 30 F. Supp. 2d 397, 400 (S.D.N.Y. 1998). Second, "the court must evaluate whether transfer is warranted using several factors relating to the convenience of transfer and the interests of justice." *In re Collins &*

3

*Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392, 394 (S.D.N.Y. 2006) (citations omitted).  These factors include:  "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, (7) the relative means of the parties," *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106–07 (2d Cir. 2006); *New York Marine & Gen. Ins. Co. v. Lafaree N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010), as well as (8) "the forum's familiarity with the governing law" and (9) "trial efficiency and the interests of justice."  *Erickson v. Corinthian Colleges, Inc.*, No. 13 CIV. 4308 PKC, 2013 WL 5493162, at *2 (S.D.N.Y. Oct. 1, 2013).

## IV.    TRANSFER TO THE DISTRICT OF MASSACHUSETTS IS APPROPRIATE

### A.    Plaintiff Could Have Brought This Matter In The District Of Massachusetts

It is clear that this matter could have originally been brought in the District of Massachusetts.  Claims arising under the Securities Exchange Act of 1934, Am. Compl. ¶¶ 10, 12, allow for venue in any district "wherein the defendant is found or is an inhabitant or transacts business."  15 U.S.C. § 78aa.  Here, Defendant Amylyx is headquartered at 43 Thorndike Street, Cambridge, Massachusetts 02141, Am. Compl. ¶ 15, three of the four Individual Defendants (Mr. Cohen, Mr. Frates, and Mr. Klee) also reside in Massachusetts, and the fourth (Ms. Olinger) resides in nearby Connecticut, Mazzariello Decl. ¶ 7.

### B.    Factors Strongly Favor Transfer

Given that venue in the District of Massachusetts is appropriate, the Court next evaluates factors related to convenience and justice.  In this case, these factors strongly weigh in favor of litigating this securities class action in Massachusetts, where Amylyx is located.  Indeed, in securities class actions, "'transfers to the issuer's home district are routine as a practical matter.'"

*See Ahrens v. Cti Biopharma Corp.*, No. 16 Civ. 1044 (PAE), 2016 WL 2932170, at *4 (S.D.N.Y. May 19, 2016) (quoting *In re AtheroGenics Sec. Litig.*, 2006 WL 851708, at *3).

**First**, the "[c]onvenience of both the party and non-party witnesses is probably the single-most important factor in the analysis of whether transfer should be granted." *Berman v. Informix Corp.*, 30 F. Supp. 2d 653, 657 (S.D.N.Y. 1998) (citation and internal quotation marks omitted). This factor clearly weighs in favor of transfer.

"[I]n cases where, as here, the plaintiff alleges that certain documents contained false or misleading statements, the key witnesses are frequently 'officers and employees of [the issuer] who participated in drafting or distributing [those] statements.'" *In re Glob. Cash Access Holdings, Inc. Sec. Litig.*, No. 08 CV. 3516 (SWK), 2008 WL 4344531, at *4 (S.D.N.Y. Sept. 18, 2008) (quoting *In re Stillwater Mining Co. Sec. Litig.*, 02 Cv. 2806(DC), 2003 WL 21087953, at *4 (S.D.N.Y. May 12, 2003). As previously described, three of the four Individual Defendants are current officers of Amylyx and reside and work in Massachusetts. Mazzariello Decl. at ¶¶ 6-8. This factor is given even more weight when certain "individual defendants are managing officers," as litigating outside the Company's headquarters "may disrupt . . . business operations," as would be the case here. *Garity v. Tetraphase Pharms. Inc.*, No. 1:18-CV-06797 (ALC), 2019 WL 2314691, at *4 (S.D.N.Y. May 30, 2019).

Beyond the Individual Defendants, the bulk of the relevant witnesses are likewise Amylyx current or former employees located in Massachusetts, which weighs in favor of transfer. In particular, the Amended Complaint identifies eight Amylyx current and former employees by name, all of whom live in Massachusetts or the greater New England area, and none of whom live in this District.[1] Mazzariello Decl. at ¶ 10. To the extent additional

---

[1]    Beth Kinsella (Am. Compl. ¶ 46); Tim Lee (*Id.* ¶ 69); Laura Jamieson (*Id.* ¶ 71); Dave MacLeod (*Id.* ¶ 74); Keith White (*Id.* ¶ 74); Sue Dyer (*Id.* ¶ 77); John Landry (*Id.* ¶ 79); Shauna

witnesses come from Amylyx's leadership team or teams responsible for sales, marketing, market access, patient services, commercial operations, statistical modeling, and investor relations, these potential witnesses are similarly likely to live in Massachusetts or the surrounding area, given that the Company maintains its sole U.S. office in Cambridge, Massachusetts. Mazzariello Decl. at ¶ 3.[2]

*Second*, the locus of operative facts in this matter clearly supports transfer to the District of Massachusetts. The purported misstatements at issue here were made in Massachusetts. *In re Collins & Aikman*, 438 F. Supp. 2d at 396–97 (defendants' conduct in securities class actions takes place at a company's "headquarters, where the disclosures about the activities conducted at these locations were assembled and issued"); *see also Ahrens*, 2016 WL 2932170, at *3 (transferring to jurisdiction in which defendant's headquarters was located, where allegedly false or misleading statements and filings were issued); *In re Glob. Cash Access Holdings, Inc. Sec. Litig.*, No. 08 CV. 3516 (SWK), 2008 WL 4344531, at *6 ("Courts in this District have held that misrepresentations or omissions occur 'where the misrepresentations are issued or the truth is withheld, not where the statements at issue are received.'" (citation omitted)).

*Third*, ease of access to potential sources of electronic or hard-copy discovery supports transfer in this case. *See* Mazzariello Decl. ¶ 9. Although modern technology may render this slightly less important to the transfer analysis in light of the fact that "electronically stored documents are accessible remotely," courts nonetheless "have found this factor to weigh in favor

---

Horvath (*Id.* ¶ 79).

[2]    Moreover, with respect to potential witnesses, many of these witnesses may be former employees no longer within the Company's control given the Company's recent reduction in force impacting 70% of its employees announced on April 4, 2024. Mazzariello Decl. at ¶ 11. Accordingly, "[t]he availability of process to compel the testimony of important witnesses" is another important consideration that weighs in favor of transfer to the District of Massachusetts. *Billing v. Commerce One, Inc.*, 186 F. Supp. 2d 375, 378 (S.D.N.Y. 2002) (citation and quotation marks omitted).

of transfer to the corporate issuer's home forum in securities class actions." *Garity*, 2019 WL 2314691, at \*3 (citations omitted); *see also Erickson*, 2013 WL 5493162, at \*5 ("Although this factor does not carry significant weight, it favors transfer.").

### C.    The Remaining Factors Are Neutral.

The remaining factors for consideration by the Court are neutral and do not counterbalance the factors strongly weighing in favor of transfer, particularly in light of Plaintiff's lack of opposition to this motion.

With respect to Plaintiff's choice of forum, Plaintiff brings this action on behalf of a purported nationwide class of investors so "less weight is given to [that] choice." *Nematron*, 30 F. Supp. 2d at 405; Garity, 2019 WL 2314691, at \*2 (collecting cases); *Shulof v. Westinghouse Elec. Corp.*, 402 F. Supp. 1262, 1263 (S.D.N.Y. 1975) ("While it is axiomatic that a plaintiff's choice of forum is entitled to great consideration, the adage has little weight in stockholder class actions. . . ."). Moreover, even less weight should be afforded here because Plaintiff actually resides in Massachusetts, ECF No. 24-4 at ¶ 2, and Plaintiff does not oppose the instant motion.

With respect to the other factors, these are clearly neutral with no potential impact on venue: there are no alleged issues with the respective means of the parties; both venues have strong familiarity with federal securities laws, *see In re Collins & Aikman*, 438 F. Supp. 2d at 398; and granting the present motion does not threaten to cause any inefficiencies with potentially overlapping lawsuits, *id.* at 398-99. Accordingly, transfer to the district where the issuer is headquartered, the alleged wrongdoing occurred, the parties reside, and the bulk of the witnesses are located is warranted.

## V.     CONCLUSION

For the reasons stated above, Defendants respectfully request the Court to transfer the

present case to the United States District Court for the District of Massachusetts, Boston

Division.

Respectfully submitted,

Dated: July 11, 2024

GOODWIN PROCTER LLP

/s/ *Caroline H. Bullerjahn*
Caroline H. Bullerjahn
Morgan R. Mordecai
100 Northern Avenue
Boston, MA 02210
Tel.: 617-570-1000
Fax: 617-523-1231
cbullerjahn@goodwinlaw.com
mmordecai@goodwinlaw.com

*Counsel for Defendants*