**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

OLIVER SHIH, Individually and on behalf of all others similarly situated,
*Plaintiff,*
v.
AMYLYX PHARMACEUTICALS, INC., JOSHUA B. COHEN, JUSTIN B. KLEE, JAMES M. FRATES, and MARGARET OLINGER,
*Defendants.*

Case No: 1:24-cv-12068-NMG

# STIPULATION OF SETTLEMENT

This Stipulation of Settlement (together with all Exhibits thereto, the "Stipulation"), dated as of May 4, 2026, which is entered into by and among (i) the Lead Plaintiff Oliver Shih ("Plaintiff"), on behalf of himself and on behalf of the Settlement Class (as defined herein), and (ii) Defendants Amylyx Pharmaceuticals, Inc. ("Amylyx"), Joshua B. Cohen, Justin B. Klee, James M. Frates, and Margaret Olinger (collectively, "Defendants", and together with Plaintiff, the "Parties"), by and through their undersigned attorneys, states all of the terms of the settlement and resolution of this matter by the Parties. This Stipulation is intended by the Parties to fully, finally, and forever compromise, settle, release, resolve, discharge, and dismiss with prejudice the Action (as defined herein) and all Released Claims (as defined herein) as against all Released Parties (as defined herein), subject to the final approval of the United States District Court for the District of Massachusetts (the "Court"). Throughout this Stipulation, all terms used with initial capitalization, but not immediately defined, shall have the meanings ascribed to them below.

**WHEREAS:**

**I. The Action**

**A.** On February 9, 2024, Plaintiff Shih filed a putative class action lawsuit in the United States District Court for the Southern District of New York alleging violations of the Securities Exchange Act of 1934 against Defendants (the **"Action"**) (Dkt. No. 1).

**B**. On April 23, 2024, the United States District Court for the Southern District of New York entered an order appointing Oliver Shih as Lead Plaintiff and Pomerantz LLP as Lead Counsel (Dkt. No. 30). On July 12, 2024, the Court issued an Order transferring the case to the District of Massachusetts (Dkt. No. 38). The case transferred under Docket No. 24-CV-12068 on August 12, 2024, and was assigned to Senior United States District Judge Nathaniel M. Gorton (Dkt. No. 40).

**C.** On June 24, 2024, Lead Plaintiff filed the Amended Class Action Complaint (the **"Amended Complaint"**) alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 10b-5 (Dkt. No. 33).

**D**. In September 2024, Defendants filed a Motion to Dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6) and the Private Securities Litigation Reform Act, 15 U.S.C. §§78u-4 and 78u-5 (Dkt. No. 48). On September 30, 2025, the Court issued its Memorandum & Order denying Defendants' Motion to Dismiss (Dkt. No. 55).

**II. Settlement Negotiations**

**E.** Following the Court's denial of the Motion to Dismiss, the Parties engaged in arm's-length settlement discussions. The Parties attended a mediation session with Michelle Yoshida of Phillips ADR on March 12, 2026. Prior to the mediation session, the Parties

exchanged detailed mediation statements. The Parties ultimately reached a settlement in principle to resolve the Action and have agreed to the terms set forth herein.

### III. Defendants' Denial of Wrongdoing and Liability

**F.** Throughout the course of this Action, Defendants have denied, and continue to deny, any and all fault, liability, or wrongdoing of any kind. Defendants also have denied and continue to deny each and all of the claims and contentions alleged by Plaintiff on behalf of the Settlement Class. Without limiting the generality of the foregoing in any way, Defendants have denied and continue to deny, inter alia, that any misstatements or materially misleading omissions were made, that Defendants had any intent to defraud investors, that Plaintiff and the Settlement Class have suffered any damages, that the wrongdoing alleged in the Amended Complaint caused Plaintiff and the Settlement Class any damages, and that Plaintiff and the Settlement Class were harmed by the conduct alleged in the Action. Defendants are entering into this Stipulation solely to eliminate the uncertainty, distraction, burden, and expense of further litigation and the length of continued proceedings necessary to defend the Action through trial and appeals.

**G.** This Stipulation, whether or not consummated, any proceedings relating to any settlement of the Action, or any of the terms of the settlement of the Action, whether or not consummated, shall in no event be construed as, or deemed to be evidence of, an admission or concession by Defendants or any of the Released Parties with respect to any claim of any wrongdoing, fault, liability, or damages whatsoever, or any infirmity in any defense that Defendants have or could have asserted in the Action.

## IV. Claims of Plaintiff and Benefits of Settlement

**H.** Plaintiff believes that the claims asserted in the Action have merit. Plaintiff, however, recognizes and acknowledges the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial and appeals. Plaintiff has also taken into account the uncertain outcome and the risk of any litigation. In particular, Plaintiff has considered the inherent problems of proof and possible defenses to the federal securities law violations asserted in the Action, including the defenses asserted by Defendants during the litigation, in motions on the pleadings, or during settlement negotiations. Plaintiff has therefore determined that the Settlement set forth in this Stipulation is fair, adequate, reasonable, and in the best interests of the Settlement Class.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among Plaintiff, on behalf of himself and on behalf of the Settlement Class, and Defendants, by and through their respective undersigned counsel that, subject to the final approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Parties from the Settlement, the Action and the Released Claims as against the Released Parties shall be fully, finally, and forever compromised, settled, released, resolved, discharged, and dismissed with prejudice upon and subject to the terms and conditions of this Stipulation, as follows.

## 1. Definitions

In addition to the terms defined above, the following capitalized terms, used in this Stipulation, shall have the meanings specified below:

**1.1. "Action"** means the putative class action captioned *Shih v. Amylyx Pharmaceuticals, Inc. et al.*, Case No. 1:24-cv-12068-NMG (D. Mass.).

**1.2. "Administrative Costs"** means all costs and expenses associated with providing notice of the Settlement to the Settlement Class and otherwise administering or carrying out the terms of the Settlement. Such costs may include, without limitation: escrow agent costs, the costs of maintaining and administering the Escrow Account, the costs of publishing the Summary Notice, the costs of printing and mailing the Post-Card Notice and of emailing notice, as directed by the Court, and the costs of allocating and distributing the Net Settlement Fund to the Authorized Claimants. Such costs do not include legal fees and expenses.

**1.3. "Alternative Judgment"** means a form of final judgment that may be entered by the Court with the agreement of the Parties that is different from the Judgment attached hereto as Exhibit B.

**1.4. "Amended Complaint"** means the Amended Class Action Complaint for Violations of the Federal Securities Law filed by Lead Plaintiff in the Action on June 24, 2024.

**1.5. "Authorized Claimant"** means any Settlement Class Member who is a Claimant and whose claim for recovery has been allowed pursuant to the terms of this Stipulation, the exhibits hereto, and any order of the Court.

**1.6. "Award to Plaintiff"** means the requested reimbursement to Plaintiff for his reasonable costs and expenses (including lost wages) directly related to Plaintiff's representation of the Settlement Class in the Action.

**1.7. "Business Day"** means any day except Saturday or Sunday or any legal holiday, as defined in Rule 6(a)(6)(A) of the Federal Rules of Civil Procedure.

**1.8. "Claimant"** means any Settlement Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

**1.9. "Class Counsel"** means Pomerantz LLP.

**1.10. "Claims Administrator"** means Strategic Claims Services (“SCS”) or such other entity as the Court shall appoint to administer the Settlement.

**1.11. "Defendants"** means Amylyx Pharmaceuticals, Inc., Joshua B. Cohen, Justin B. Klee, James M. Frates, and Margaret Olinger.

**1.12. "Defendants’ Counsel"** means Goodwin Procter LLP.

**1.13. "Distribution Order"** means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

**1.14. "Effective Date"** with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 10.3 of this Stipulation have been met and have occurred or have been waived.

**1.15. "Escrow Account"** means an interest-bearing escrow account established by the Escrow Agent. The Escrow Account shall be managed by the Escrow Agent, subject to the Court’s supervisory authority, for the benefit of Plaintiff and the Settlement Class in accordance with the terms of the Stipulation and any order of the Court.

**1.16. "Escrow Agent"** means Huntington National Bank. The Escrow Agent shall perform the duties as set forth in this Stipulation and any order of the Court.

**1.17. "Final"** means, with respect to any order of court, including but not limited to the Judgment, the Alternative Judgment, or any other court order, the latest to occur of the following: (i) the date as of which the time to seek review, alteration, or appeal of the Court’s order has expired without any review, alteration, or appeal having been sought or taken; or (ii) if an appeal, petition, motion, or other application for review, alteration or amendment is filed, sought, or taken, the date as of which such appeal, petition, motion or other application shall have been finally determined in such a manner as to affirm the Court’s original order in all material respects and the

time, if any, for seeking further review, including any petition for a writ of certiorari, has expired. Any proceeding or order, or any appeal or petition for a writ of certiorari or other form of review pertaining to the amount, payment, or allocation of attorneys' fees, the Plan of Allocation, or the provisions of ¶ 6.2 shall have no effect on finality for purposes of determining the date on which the Final Judgment or any Alternative Judgment becomes Final.

**1.17a. "Final Approval Hearing"** means the hearing at or after which the Court will make a final decision pursuant to Rule 23 of the Federal Rules of Civil Procedure as to whether the Settlement contained in the Stipulation is fair, reasonable, and adequate, and therefore, should receive final approval from the Court.

**1.18. "Judgment"** means the final order and judgment to be entered by the Court finally approving the Settlement and dismissing the Action with prejudice, materially in the form attached hereto as Exhibit B.

**1.19. "Lead Counsel"** means Pomerantz LLP.

**1.20. "Lead Plaintiff"** means Oliver Shih.

**1.21. "Net Settlement Fund"** means the Settlement Fund less: (a) Taxes; (b) Administrative Costs; (c) an Award to Plaintiff as may be approved by the Court; and (d) such attorneys' fees, costs, and expenses as may be approved by the Court.

**1.22. "Notice"** means the "Notice of Pendency and Proposed Settlement of Class Action," which is to be provided to Settlement Class Members substantially in the form attached hereto as Exhibit A-1.

**1.23. "Opt-Out"** means any one of, and "Opt-Outs" means all of, any Persons who otherwise would be Settlement Class Members and have timely and validly requested exclusion

from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the notice given pursuant thereto.

**1.24. "Party"** means any one of, and "Parties" means all of, the parties to the Stipulation, namely Defendants (as defined herein) and Plaintiff (on behalf of himself and the Settlement Class).

**1.25. "Person"** means individual, corporation, fund, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

**1.26. "Plaintiff"** means Oliver Shih.

**1.27. "Plan of Allocation"** means a plan or formula for allocating the Net Settlement Fund to Authorized Claimants pursuant to this Stipulation, and which, subject to approval of the Court, shall be substantially in the form described in the Notice.

**1.28. "Post-Card Notice"** means the form of notice to be mailed to Settlement Class Members, substantially in the form attached hereto as Exhibit A-4.

**1.29. "Preliminary Approval Order"** means the proposed order preliminarily approving the Settlement (substantially in the form attached hereto as Exhibit A), approving dissemination of the notice thereof to the Settlement Class, and scheduling the Final Approval Hearing.

**1.30. "Proof of Claim"** means the Proof of Claim and Release Form to be submitted by Claimants, substantially in the form attached hereto as Exhibit A-2.

**1.31. "Released Claims"** means, to the fullest extent permitted by law or equity, claims, demands, losses, costs, interest, penalties, fees, attorneys' fees, expenses, rights, rights of recovery, causes of action, duties, obligations, judgments, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, including Unknown Claims, whether known or unknown, direct or indirect, representative, class, individual, asserted or unasserted, matured or unmatured, accrued or unaccrued, foreseen or unforeseen, disclosed or undisclosed, contingent or fixed or vested, at law or equity, whether arising under federal, state, local, foreign, statutory, common, administrative, or any other law, statute, rule, or regulation that the Releasing Parties: (a) asserted in the Action; (b) could have asserted or could in the future assert in this Action or any other action or in any forum, that arise from or out of, relate to, or are in connection with the claims, allegations, transactions, alleged or actual prohibited transactions or breaches of duty (including fiduciary duty), facts, events, acts, disclosures, matters or occurrences, errors, statements, representations, actions, failures to act or omissions involved, alleged, described, set forth, or referred to in the complaint and amended complaint filed in the Action, or that arise from or out of, relate to, directly or indirectly, or are in connection with the holding, purchase, acquisition, or sale of Amylyx securities during the Settlement Class Period (including, without limitation, claims for fraud and negligent misrepresentation); or (c) that arise out of, relate to, or are based on the settlement or resolution of the Action; provided, however, that Released Claims do not include claims to enforce this Stipulation. Released Claims do not include claims asserted in the derivative actions currently pending in the District of Massachusetts and Delaware Chancery Court.

**1.32. "Released Parties"** means (a) any and all of the Defendants and any person, partnership, firm, corporation, limited liability company, trust, or other entity or organization in

which any Defendant has a controlling interest or which is or was related to or affiliated with any of the Defendants; (b) with respect to each of the Persons in subsection (a), their respective past, present and future directors, officers, employees, managers, controlling shareholders, servants, insurers, co-insurers, reinsurers, attorneys, agents, partners, limited partners, principals, members, trustees, advisors, investment advisors, auditors, accountants, trustees, underwriters, investment bankers, consultants, subsidiaries, parents, any other entity in which any such parent has a controlling interest or which is or was related to or affiliated with any such parent, successors, predecessors, heirs, immediate family members, and anyone acting or purporting to act for or on behalf of any of them or their successors; and (c) the legal representatives, predecessors, heirs, successors and assigns of any of the foregoing.

**1.33. "Released Parties' Claims"** means all claims, demands, rights, remedies, liabilities, and causes of action of every nature and description whatsoever, whether based on federal, state, local, statutory, or common law, or any other law, rule, or regulation, including both known and Unknown Claims, that arise out of or relate in any way to the institution, prosecution, or Settlement of this Action, including but not limited to all claims for malicious prosecution or sanctions. "Released Parties' Claims" do not include claims to enforce any of the terms of this Stipulation or the Judgment or Alternative Judgment, if applicable.

**1.34. "Releasing Parties"** means Plaintiff, each and every Settlement Class Member and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates.

**1.35. "Settlement"** means the settlement contemplated by this Stipulation.

**1.36. "Settlement Amount"** means the sum of $6,500,000 (Six Million Five Hundred Thousand U.S. Dollars). The Settlement Amount includes all Administrative Costs, Lead Counsel's attorneys' fees and expenses (as allowed by the Court), Award to Plaintiff (as allowed by the Court), Settlement Class Member benefits, as well as any other costs, expenses, or fees of any kind whatsoever associated with the Settlement.

**1.37. "Settlement Class"** means all those who purchased or otherwise acquired Amylyx securities between November 11, 2022 and November 8, 2023, inclusive, and who were damaged thereby. Excluded from the Settlement Class are Defendants; the officers and directors of Amylyx during the Settlement Class Period; members of their immediate families and their legal representatives, heirs, agents, affiliates, successors or assigns; Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof; any entity in which Defendants or their immediate families have or had a controlling interest during the Settlement Class Period; and those persons who exclude themselves by submitting a request for exclusion from the Settlement Class that is accepted by the Court.

**1.38. "Settlement Class Member"** means any one of, and "Settlement Class Members" means all of, the members of the Settlement Class.

**1.39. "Settlement Class Period"** means the period from November 11, 2022 through November 8, 2023, inclusive.

**1.40. "Settlement Fund"** means the Settlement Amount and any interest or other income earned thereon.

**1.42. "Summary Notice"** means the notice, substantially in the form attached hereto as Exhibit A-3, to be published as set forth in the Preliminary Approval Order.

**1.42a. "Supplemental Agreement"** means the separate confidential agreement executed concurrently with the execution of the Stipulation of Settlement providing that Defendants shall have the option to terminate the Settlement upon the conditions specified therein.

**1.43. "Taxes"** means: (a) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; (b) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants and mailing and distribution costs and expenses or penalties relating to the filing or failure to file all necessary or advisable tax returns); and (c) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

**1.44. "Unknown Claims"** means (i) any Released Claims which Plaintiff, any Settlement Class Member, or any Releasing Party does not know or suspect to exist in his, her, or its favor at the time of the Effective Date, and (ii) any Released Parties' Claims which any Defendant or Released Party does not know or suspect to exist in his, her, or its favor at the time of the Effective Date, which, if known by him, her, or it, might have affected his, her, or its decisions with respect to this Settlement, or any Settlement Class Member's or Releasing Party's decision not to opt-out or object to this Settlement. With respect to any and all Released Claims or Releasing Parties' Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiff and Defendants shall expressly waive, and each of the Settlement Class Members, Releasing Parties, and Released Parties shall be deemed to have waived, and by operation of the Judgment or Alternative Judgment, if applicable, shall have waived, the provisions, rights and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the

release, and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiff and Defendants acknowledge, and each of the Settlement Class Members, the Releasing Parties, and/or the Released Parties shall be deemed by operation of law to have acknowledged, that they may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims or Releasing Parties' Claims, but the Defendants and Plaintiff shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member, Releasing Party, or Released Party, upon the Effective Date, shall be deemed to have, and by operation of the Judgment or Alternative Judgment, if applicable, shall have, fully, finally, and forever settled and released, any and all Released Claims or Released Parties' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of fiduciary duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiff and Defendants acknowledge, and each of the other Settlement Class Members, Releasing Parties, and Released Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

**2. The Settlement Consideration**

2.1. In consideration of the full and final release, settlement and discharge of all Released Claims against the Released Parties, Amylyx shall, within the later of fifteen (15) Business Days after (a) the date of entry of the Preliminary Approval Order or (b) receipt by Amylyx and its insurers of all information necessary to permit them to make payment by wire

(including payee, tax identification number, wire transfer instructions, and an executed Form W-9 for the recipient of the deposit, and contact information, including a name and phone number, for the person(s) or entity maintaining the Escrow Account), pay, or cause to be paid, the Settlement Amount by wire transfer, to the Escrow Account, provided that Amylyx must, no later than two (2) business days after the filing of the motion for preliminary approval of the Settlement, provide Lead Counsel with the contact information (including email addresses) for the persons to whom the above-noted information is to be provided.

2.2. Payment of the Settlement Amount shall be Defendants' sole monetary obligation under the Settlement. Under no circumstances will Defendants or the Released Parties be required to pay, or cause payment of, more than the Settlement Amount pursuant to this Stipulation and the Settlement for any reason whatsoever, including, without limitation, as compensation to any Settlement Class Member or in payment of any fees or expenses incurred by any Settlement Class Member or Lead Counsel.

**3. Handling and Disbursement of Funds by the Escrow Agent**

3.1. No monies will be disbursed from the Settlement Fund until after the Effective Date except: (a) as provided in ¶ 3.4 and ¶ 8.2 below; (b) as provided in ¶ 10.6 below, if applicable; and (c) to pay Taxes on the income earned by the Settlement Fund. Taxes shall be paid out of the Settlement Fund and shall be considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent without prior Order of the Court.

3.2. The Escrow Agent shall invest the Settlement Fund and all interest accrued thereon exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments), except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC. The escrow agreement shall provide

that, until the Escrow Agent receives joint notification from Lead Counsel and Defendants' Counsel that the Effective Date has occurred, any withdrawal from the Escrow Account, other than for the payment of Taxes and Administrative Costs prior to final approval of the settlement, shall require a signature from Defendants' Counsel. Defendants, Defendants' Counsel, and the other Released Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to any investment or management decisions executed by the Escrow Agent. The Settlement Fund shall bear all risks related to the investments of the Settlement Amount in accordance with the guidelines set forth in this ¶ 3.2.

3.3. The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation or by an order of the Court. Defendants shall have prompt access to records of the Escrow Account upon request.

3.4. Prior to the Effective Date, the Escrow Agent may, without further approval from the Court, disburse at the direction of Class Counsel up to $300,000 from the Settlement Fund for Administrative Costs. In the event that the Settlement is not consummated, money paid or incurred for Administrative Costs, including any related fees, shall not be returned or repaid to Amylyx or its insurers. Any dispute concerning whether a failure to provide approval called for by the Settlement Agreement or this Stipulation was reasonable shall be submitted to the Court.

**4. Taxes**

4.1. The Parties agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. In addition, Lead Counsel or their designee shall timely make such elections as necessary or advisable to carry out the provisions of this § 4, including the "relation-back election" (as defined in Treasury Regulation § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with

the procedures and requirements contained in such regulations. It shall be the responsibility of Lead Counsel or their designee to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

4.2. For purposes of § 468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation § 1.468B-2(k)(3) promulgated thereunder, the "administrator" shall be Lead Counsel or their designee. Lead Counsel or their designee shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund. Such returns shall be consistent with this § 4 and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

4.3. All Taxes arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon Defendants or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and expenses and costs incurred in connection with the operation and implementation of this § 4, shall be paid out of the Settlement Fund, as appropriate. Defendants, their counsel and the other Released Parties shall have no liability or responsibility for the Taxes. Taxes shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid out of the Settlement Fund without prior order from the Court.

**5. Preliminary Approval Order, Notice Order, and Final Approval Hearing**

5.1. Within two (2) business days of the execution of this Stipulation, Lead Plaintiff will move for preliminary approval of the Settlement, certification of the Settlement Class for settlement purposes only, and the scheduling of a hearing for consideration of final approval of the

Settlement ("Preliminary Approval Motion"). Lead Counsel shall submit this Stipulation and its exhibits to the Court and shall apply for entry of a preliminary approval order in the form of Exhibit A hereto, seeking, among other things, approval (1) for the mailing of the Post-Card Notice in the form of Exhibit A-4 hereto, (2) for the posting of the Notice in the form of Exhibit A-1 hereto on the internet, (3) for the publication of Summary Notice in the form of Exhibit A-3 hereto, and (4) of the Proof of Claim form in the form attached as Exhibit A-2 hereto.

5.2. To assist in dissemination of notice, Amylyx will cooperate in obtaining from the Company's transfer records, information concerning the identity of Settlement Class Members, including any names, addresses, and email addresses (to the extent email addresses are available) of Settlement Class Members and nominees or custodians that exist in such transfer records ("Settlement Class Information"). The Company shall provide, or cause to be provided, to Lead Counsel or the Claims Administrator, at no cost to Plaintiff, within one hundred (100) calendar days prior to the date set by the Court for the final approval of the Settlement, transfer records in electronic searchable form, such as Excel, containing the Settlement Class Information. Defendants shall pay the costs, if any, of providing their transfer records to Lead Plaintiff's Counsel and providing CAFA notice.

5.3. At the time of the submission described in ¶ 5.1 hereof, the Parties, through their counsel, shall jointly request that, after the Notice is provided, the Court hold the Final Approval Hearing and (i) approve the Settlement as set forth herein and (ii) enter a Judgment substantially in the form of Exhibit B hereto, as promptly after the Final Approval Hearing as possible.

5.4. The Settlement is expressly conditioned upon, among other things, the entry of a Judgment substantially in the form attached hereto as Exhibit B or an Alternative Judgment.

Plaintiff, by and through Lead Counsel, shall move for entry of the Judgment, including, among other things, the releases described herein.

**6. Releases and Covenants Not to Sue**

6.1. Upon the Effective Date, the Releasing Parties, on behalf of themselves, their past, present, and future heirs, executors, administrators, trustees, predecessors, successors and assigns, and any other Person claiming (now or in the future) to be acting on behalf of any of them, regardless of whether any such Releasing Party ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim, any disbursement from the Settlement Fund, (a) shall have and be deemed to have, and by operation of the Judgment, or Alternative Judgment, shall have, irrevocably and unconditionally, fully, finally, and forever released, waived, relinquished, discharged, and dismissed, with prejudice, all Released Claims against the Released Parties; (b) shall have and be deemed to have covenanted not to sue, directly or indirectly any Released Party with respect to any and all of the Released Claims; and (c) shall be forever and permanently barred and enjoined from directly or indirectly filing, commencing, instituting, continuing, asserting, intervening in, or prosecuting, or assisting any Person in instituting, continuing, asserting or prosecuting in any forum, any Released Claim, in any capacity, against any of the Released Parties.

6.2. Upon the Effective Date, Defendants, on behalf of themselves, their heirs, executors, predecessors, successors, and assigns, shall be deemed to have, and by operation of the Judgment, or Alternative Judgment, shall have fully, finally, and forever released, waived, relinquished, and discharged Plaintiff, Settlement Class Members, and Lead Counsel from all Released Parties' Claims, and shall be permanently enjoined from prosecuting the Released Parties' Claims against Plaintiff, Settlement Class Members, and Lead Counsel.

6.3. Nothing contained herein shall bar the Releasing Parties, Defendants, or any Released Party from bringing any action or claim to enforce the terms of this Stipulation or the Judgment or Alternative Judgment, if applicable.

6.4. The releases and waivers contained in this Section were separately bargained for and are essential elements of this Stipulation and the Settlement.

## 7. Administration and Calculation of Claims, Final Awards and Supervision and Distribution of the Settlement Fund

7.1. Under the supervision of Lead Counsel, acting on behalf of the Settlement Class, and subject to such supervision and direction of the Court as may be necessary or as circumstances may require, the Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants. The Released Parties shall not have any role in, or responsibility or liability to any Person for, the administration of the Settlement or the solicitation, review, or evaluation of Proofs of Claim, nor shall any discovery be taken of Defendants in connection therewith.

7.2. The Settlement Fund shall be applied as follows: (a) to pay the Taxes described in § 4 above; (b) to pay Administrative Costs; (c) to pay Lead Counsel's attorneys' fees and expenses and Award to Plaintiff for reimbursement of their time and expenses pursuant to ¶ 8.1 below, to the extent allowed by the Court; and (d) to distribute the balance of the Net Settlement Fund to the Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, or the Court.

7.3. Upon and after the Effective Date, the Net Settlement Fund shall be distributed to Authorized Claimants in accordance with the terms of the Plan of Allocation set forth in the Notice and any orders of the Court.

7.4. This is not a claims-made settlement, and if all conditions of the Stipulation are satisfied and the Judgment or Alternative Judgment becomes Final, no portion of the Settlement

Fund will be returned to Amylyx. Defendants, their counsel and the other Released Parties shall have no responsibility for, involvement in, interest in, or liability whatsoever with respect to the investment or distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or tax expenses, or any losses incurred in connection therewith.

7.5. It is understood and agreed by the Parties that any proposed Plan of Allocation of the Net Settlement Fund, including any adjustments to an Authorized Claimant's claim set forth therein, is not a condition of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation.

7.6. Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Proofs of Claim submitted; (b) approving payment of any fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

**8. Lead Counsel's Attorneys' Fees and Reimbursement of Expenses**

8.1. Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions from the Settlement Fund to Lead Counsel for (a) an award of attorneys' fees not to exceed one-third of the Settlement Amount, (b) reimbursement of reasonable costs and expenses actually incurred, including the fees and expenses of experts and/or consultants incurred in connection with prosecuting the Action, and (c) an Award to Plaintiff of not more than $2,500 in total for reimbursement of his time and expenses in connection with the Action

(collectively, the "Fee and Expense Award"). Defendants shall take no position with respect to the Fee and Expense Application(s) or the Fee and Expense Award.

8.2. Except as otherwise provided in this paragraph, the Fee and Expense Award shall be paid to Lead Counsel from the Settlement Fund within two (2) Business Days after the date the Court enters the Judgment or Alternative Judgment, if applicable, and an order awarding such fees and expenses, notwithstanding any objections to or appeals of such order or of the Judgment or Alternative Judgment, if applicable. In the event that the Effective Date does not occur, or the Fee and Expense Award is reduced or reversed in whole or in part on appeal or further review, then Lead Counsel shall be obligated to refund to the Escrow Account, within ten (10) Business Days from receiving notice of such event, an amount consistent with such reduction or reversal, including accrued interest.

8.3. The procedure for, and allowance or disallowance by the Court of, the Fee and Expense Application are not conditions of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. None of the Parties may terminate or cancel the Settlement on the basis of the amount of any Fee and Expense Award.

8.4. Any award of attorneys' fees and/or expenses to Lead Counsel or Award to Plaintiff shall be paid solely from the Settlement Fund and shall reduce the settlement consideration paid to the Settlement Class accordingly. No Defendant shall have any responsibility for payment of Lead Counsel's attorneys' fees and expenses or other awards to Plaintiff beyond the obligation of Amylyx to fund the Settlement Amount as set forth in ¶ 2.1 above.

**9. Class Certification**

9.1. The Parties hereby stipulate, for purposes of the Settlement only, to: (a) certification of the Action as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure; (b) appointment of Plaintiff as the class representative; and (c) appointment of Lead Counsel as class counsel for the Settlement Class pursuant to Rule 23(g). In the event that the Judgment or Alternative Judgment, if applicable, does not become Final or the Settlement fails to become effective for any reason, the Parties reserve all their rights on all issues. In such an event, Defendants reserve all rights to object to and oppose class certification or challenge the standing of Plaintiff or any other intervening plaintiff, and this Stipulation shall not be offered as evidence of any agreement, admission, or concession that any class should be or remain certified in the Action or that any plaintiff has standing.

**10. Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

10.1. Plaintiff, on behalf of the Settlement Class, and Defendants shall, each in their separate discretions, have the right to terminate the Settlement and Stipulation (a "Termination") by providing written notice of their or its election to do so to all other Parties within thirty (30) calendar days of: (i) the Court declining to enter the Preliminary Approval Order in any material respect; (ii) the Court refusing to approve this Stipulation in any material respect; (iii) the Court declining to enter the Judgment, or an Alternative Judgment acceptable to the Parties, in any material respect; or (iv) the date upon which the Final Judgment is modified or reversed by the Court, the United States Court of Appeals, or the United States Supreme Court in any material respect.

10.2. If the Settlement Amount is not paid into the Escrow Account in accordance with ¶ 2.1 of this Stipulation, then Plaintiff, on behalf of the Settlement Class, shall have the right to, at any time prior to the Court's entry of the Final Judgment, (a) terminate the Settlement and

Stipulation by providing written notice to Defendants or (b) enforce the terms of the Settlement and this Stipulation and seek a judgment effecting the terms herein, subject to Defendants' right to cure any failure to pay within five (5) Business Days of receiving written notice of such deficiency.

10.3. The Effective Date of this Stipulation and the Settlement incorporated therein shall be the date on which all of the following events have occurred or been waived: (a) the Court has entered the Preliminary Approval Order set forth in Exhibit A attached hereto; (b) the Settlement Amount has been deposited into the Escrow Account, as set forth in ¶ 2.1; (c) Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation; (d) Plaintiff has not exercised his option to terminate the Settlement pursuant to the provisions of this Stipulation; (e) the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and (f) the Court has entered the Judgment, and the Judgment has become Final, or the Court has with the consent of the Parties entered an Alternative Judgment and none of the Parties has sought to terminate the Alternative Judgment and it has become Final.

10.4. Upon the occurrence of the Effective Date, any and all interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, except as set forth in this Stipulation, and the releases herein shall be effective.

10.5. If prior to Judgment or Alternative Judgment, if applicable, Persons who otherwise would be Settlement Class Members have filed with the Court valid and timely requests for exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the notice given pursuant thereto ("Opt-Outs"), and such Persons in the aggregate purchased securities during the Settlement Class Period in an amount greater than the amount

specified in a separate Supplemental Agreement between the Parties (the "Supplemental Agreement"), then Defendants acting unanimously shall have the option to terminate this Stipulation and Settlement in strict accordance with the requirements and procedures set forth in the Supplemental Agreement.

10.6. If the Settlement is terminated by Plaintiff or Defendants; the Court does not approve the Settlement; the Judgment, or Alternative Judgment, if any, does not or cannot become Final; or the Effective Date otherwise fails to occur, then: (a) this Stipulation shall be without force and effect upon the rights of the Parties; (b) the Parties shall be restored to their respective positions in the Action immediately prior to the date of this Stipulation, and they shall proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered, and all of their respective claims and defenses as to any issue in the Action shall be preserved without prejudice; (c) the terms and provisions of this Stipulation shall have no further application with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose; and (d) within seven (7) Business Days after the occurrence of such event, Plaintiff shall return to Amylyx any monies remaining in the Escrow Account, including any accrued interest thereon, but less any Administrative Costs that were reasonably and actually incurred and paid or payable from the Settlement Fund as of the date of termination and any Taxes actually incurred and paid or payable as of the date of termination.

10.7 Plaintiff shall have the right to terminate the Settlement in the event that any material terms of the Settlement are breached. In addition to the grounds set forth above, Defendants shall have the right to terminate the Settlement in the event that any material terms of the Settlement are breached or Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in Defendants' confidential Supplemental

Agreement with Plaintiff, in accordance with the terms of that agreement. The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises between Plaintiff and Defendants concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court *in camera* and request that the Court afford it confidential treatment.

**11. No Admission of Liability or Wrongdoing**

11.1. This Stipulation (whether or not it is consummated or terminated), including the exhibits hereto and the Plan of Allocation contained therein, all matters arising in connection with such negotiations, proceedings or agreements, and all acts performed or documents executed pursuant to or in furtherance of this Stipulation: (a) do not constitute, and shall not be offered or received against Defendants or any other Released Party as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission of any kind; (b) do not constitute, and shall not be offered or received against any of the Defendants as evidence of an admission by any of those Defendants with respect to the truth of any fact alleged in the Amended Complaint or the validity of any Released Claim, or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, or of any liability, damages, negligence, fault, or wrongdoing of the Defendants; (c) do not constitute, and shall not be offered or received against Defendants or any other Released Party as evidence of a presumption, concession, or admission of any fault, misstatement, or omission with respect to any statement or written document approved or made by Defendants; (d) do not constitute, and shall not be offered or received against

Defendants or any other Released Parties as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing in any other civil, criminal, or administrative action or proceeding; (e) do not constitute, and shall not be construed against Defendants or any other Released Parties as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; (f) shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiff or any of the Settlement Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Amount; and (g) shall not, in the event the Settlement is terminated as described in this Stipulation, be used by any Party for any purpose in any trial in this Action.

11.2. The Parties may file or refer to this Settlement and the Judgment or Alternative Judgment, if applicable, to (a) effectuate the liability protection granted thereunder, including without limitation to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or (b) effectuate the liability protections granted them under any applicable insurance policies.

## 12. Miscellaneous Provisions

12.1. The Parties acknowledge that it is their intent to consummate the Settlement and agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and use their best efforts to accomplish the terms and conditions of the Stipulation.

12.2. The Parties and their counsel represent that they will not encourage or otherwise influence (or seek to influence) any Settlement Class Members to request exclusion from, or object to, the Settlement, the Plan of Allocation, or Lead Counsel's Fee and Expense Application.

12.3. Each of the attorneys executing this Stipulation, any of its exhibits, or any related settlement documents on behalf of any Party hereto hereby warrants and represents that he or she has been duly empowered and authorized to do so by the Party he or she represents.

12.4. Plaintiff and Lead Counsel represent and warrant that none of the Plaintiff's Claims or causes of action against one or more Defendants in the Action, or referred to in this Stipulation, or that could have been alleged against one or more Defendants in the Action, have been assigned, encumbered, conveyed, given, granted, or in any manner transferred in whole or in part.

12.5. This Stipulation, together with its exhibits and the Supplemental Agreement, constitutes the entire agreement between the Parties related to the Settlement and supersedes any prior agreements. In the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

12.6. The Parties agree that no Party was or is a "prevailing party" in the Action. Except as otherwise provided herein, each Party shall bear its own costs.

12.7. While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and Defendants' Counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Action was commenced or prosecuted in bad faith nor will they deny that the Action is being settled voluntarily after consultation with competent legal counsel. In all events, Plaintiff and his counsel and Defendants and Defendants' Counsel shall not make any accusations of wrongful or actionable conduct by any

Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

12.8. This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Parties or their counsel or their respective successors in interest.

12.9. This Stipulation shall be binding upon, and shall inure to the benefit of, the Parties and their respective agents, successors, executors, heirs, and assigns, including any Released Parties, and any corporation, partnership, or other entity into or with which any Party may merge, consolidate, or reorganize.

12.10. The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

12.11. Each counsel or other Person executing this Stipulation and any documents prepared in furtherance of it on behalf of any Party hereto hereby warrants that such Person has the full authority to do so.

12.12. This Stipulation may be executed in any number of counterparts by any of the signatories hereto and the transmission of an original signature page electronically (including by facsimile or portable document format) shall constitute valid execution of the Stipulation as if all signatories hereto had executed the same document.

12.13. The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement, and the Settlement, and any and all disputes arising out of or relating in any way to this Stipulation and Settlement, whether in contract, tort or otherwise, shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts without regard to conflict of laws principles.

12.14. The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation. Any action arising under or to enforce this Stipulation or any portion thereof shall be commenced and maintained only in the Court.

12.15. The Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's length negotiations between the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

12.16. All agreements by, between or among the Parties, their counsel and their other advisors as to the confidentiality of information exchanged between or among them shall remain in full force and effect and shall survive the execution and any termination of this Stipulation and the final consummation of the Settlement.

12.17. The Parties shall not assert or pursue any action, claim, or rights that any party violated any provision of Rule 11 of the Federal Rules of Civil Procedure and/or the Private Securities Litigation Reform Act of 1995 in connection with the Action, the Settlement, the Stipulation, or the Supplemental Agreement. The Parties agree that the Action was resolved in good faith following arm's-length bargaining, and that the Action was brought and defended in full compliance with applicable requirements of good faith litigation under the Securities Exchange Act of 1934 and Rule 11 of the Federal Rules of Civil Procedure.

12.18. Any failure by any of the Parties to insist upon the strict performance by any other Party of any of the provisions of the Stipulation shall not be deemed a waiver of any of the provisions hereof, and such Party, notwithstanding such failure, shall have the right thereafter to

insist upon the strict performance of any and all of the provisions of this Stipulation to be performed by the other Parties.

12.19. No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

12.20. Upon execution of the Stipulation, the Parties may publicly disclose the Settlement Amount and source(s) of funds for such Settlement Amount. In addition, upon execution of this Stipulation, the Parties may disclose the terms of the Stipulation to the Parties' advisors as necessary, including accountants, auditors, and/or tax advisors.

**IN WITNESS WHEREOF**, the Parties have executed this Stipulation by their undersigned counsel effective as of the date set forth below.

Dated: May 4, 2026

Respectfully submitted,

POMERANTZ LLP

____________________________________

Jeremy A. Lieberman
Samantha Daniels
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
sdaniels@pomlaw.com

*Counsel for Oliver Shih and Lead Counsel for the Class*

GOODWIN PROCTER LLP
Caroline H. Bullerjahn
Caroline H. Bullerjahn
100 Northern Avenue
Boston, MA 02210
Tel.: 617-570-1000
Fax: 617-523-1231
cbullerjahn@goodwinlaw.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 4, 2026, a true and correct copy of the foregoing **STIPULATION OF SETTLEMENT** was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Samantha Daniels*